(Pleito No. 171.—Fallado en Febrero 5 de 1902.)

## Lange contra Avilés.

Recurso contra sentencia dictada por la Corte de Distrito de Mayagüez.

1.—Forma de demanda. Dejar de consignar en la demanda la personalidad del demandante no constituye error material, si en el cuerpo del escrito se expresa claramente dicha personalidad.

2.—Recurso por quebrantamiento de forma. La causa 4ª del artículo 1,691 de la Ley de Enjuiciamiento Civil se refiere al quebrantamiento de forma cometido por falta de citación para alguna diligencia de prueba, ó para sentencia definitiva, no siendo aplicable cuando se trata de supuestas incorrecciones cometidas al declarar los testigos para cuya prueba estaba citado el recurrente.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á cinco de Febrero de mil novecientos dos, en el juicio declarativo sobre reconocimiento de hijos naturales, seguido en la Corte del Distrito de Mayagüez por Doña Margarita Avilés y Padilla, soltera, vecina de dicha Ciudad, con la sucesión de Don Ulises Lange, compuesta del Doctor Don Rafael, Doña Dolores, Doña Carmen, esta última representada por su tutor Don Víctor Honoré, todos de la misma vecindad que la demandante; pendiente ante Nos en virtud de recurso de casación por quebrantamiento de forma, interpuesto por la sucesión demandada y sostenido en su defensa y

representación por el Letrado Don Hèrminio Díaz Navarro;
no habiendo comparecido la parte recurrida.—Resultando:
Que el Letrado Don Antonio Manrique de Lara, á nombre
de Doña Margarita Avilés y Padilla, en treinta de Agosto de
mil novecientos, presentó escrito de demanda ante la Corte
de Mayagüez y solicitó que se admitiese y se diese traslado
á la sucesión de Don Ulises Lange y en su día que se dictase
sentencia declarando que los hijos de la demandante, me-
nores de edad, y nombrados Doña Antonia, Don Luis Pau-
lino y Don Julio Julián, eran hijos naturales de Don
Ulises Lange y Dronet á todos los efectos legales y con im-
posición de las costas á quien correspondiese.—Resultando:
Que la sucesión demandada compuesta de Don Rafael Ulises
Lange, Doña María de los Dolores Lange de Trujillo y de
Don Víctor Honoré, como tutor de la menor Carmen Lange,
al contestar la demanda y, en primer término, propuso la
excepción dilatoria de falta de personalidad en el actor com-
prendida en el número 2º del artículo 532 de la Ley de
Enjuiciamiento Civil, porque Doña Margarita no había
acreditado en este juicio haber reconocido como á hijos
naturales á Antonia, Luis y Julio en la forma que prescribe
el artículo 131 del Código Civil, ni que sean menores de
edad y porque en la forma en que comparece en los autos
carece de personalidad para la acción que ha entablado,
porque dicha Sra. se personó en nombre propio y no en re-
presentación de sus hijos, que es en la única manera en que
pudo comparecer para el ejercicio de la acción intentada.—
Resultando: Que propuestas las pruebas por las partes y
declaradas pertinentes se practicó la documental en que
consta que Antonia, Luis y Julio son hijos naturales de
Doña Margarita y se señaló el día para la celebración de
juicio oral que tuvo lugar el veinte de Abril del año último,
y después de alegar la representación de la demandada lo
que juzgó conveniente en apoyo de la excepción propuesta
y de impugnarla la parte contraria, se declaró sin lugar y se
acordó la continuación del juicio, haciéndose constar la pro-

testa que se formuló á los efectos del recurso de casación, y en el curso de la práctica de la prueba testifical también se consignó otra protesta por la sucesión demandada, porque algunos testigos, al declarar, no se ajustaron, se dice, al interrogatorio propuesto y declarado pertinente.—Resultando : Que terminada la tramitación del juicio se dictó sentencia por el Tribunal, en veinte y seis de Abril del año próximo pasado, declarando con lugar la demanda en cuanto á los hijos naturales de Doña Margarita Avilés y Padilla, nombrados Antonia y Luis Paulino, y sin lugar por lo que respecta al menor Julio Julián, sin especial condenación de costas.—Resultando : Que dentro del término legal interpuso la sucesión demandada, con la autorización del consejo de familia en cuanto á la menor María del Carmen Lange, recurso de casación por quebrantamiento de forma, fundado en las causas 2ª y 4ª del artículo 1,691 de la Ley de Enjuiciamiento Civil, porque la Sra. Avilés interpuso la demanda en nombre propio cuando, siendo menores los hijos, como en el caso presente, sólo podían interponerla sus representantes legítimos, y porque si los testigos al declarar no se acomodaron al interrogatorio, se trata de una nueva prueba para la cual no fué citada la parte recurrente y por otrosí hizo la protesta para interponer en su caso y lugar el recurso por infracción de ley.—Visto : Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando : Que si bien es cierto que el letrado al interponer la demanda sólo se refirió á la representación de la demandante Doña Margarita Avilés y Padilla, lo es también que en el cuerpo del escrito claramente se expresa que dicha señora lo hace á nombre de sus hijos menores, y en este concepto tiene perfecta personalidad, según el artículo 155 del Código Civil, tanto más cuanto que acreditó con las certificaciones de nacimiento expedidas por el Registro Civil, que los dichos menores eran sus hijos.—Considerando : Que la causa 4ª del artículo 1,691 de la Ley de Enjuiciamiento Civil, se refiere al quebrantamiento de forma que se comete por falta de

citación para alguna diligencia de prueba ó para sentencia definitiva y no es aplicable cuando se trata de supuestas incorrecciones cometidas al declarar los testigos, para cuya prueba estaba citado el recurrente.—Considerando: Que, esto supuesto, la Corte sentenciadora no ha quebrantado las formas esenciales del juicio que señalan las causas 2ª y 4ª del artículo 1,691 de la ley citada.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por quebrantamiento de forma interpuesto por la sucesión de Don Ulises Lange y Dronet, á quien condenamos en las costas y procédase á la sustanciación del recurso en el fondo. —Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación: Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á cinco de Febrero de mil novecientos dos. —E. de J. López Gaztambide, *Secretario*.